

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-17-00190-CR

CRAIG LYNDON BELL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
Panola County, Texas
Trial Court No. 2016-C-0325

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

After a jury trial in Panola County, Texas, Craig Lyndon Bell was convicted of aggravated robbery and sentenced to forty-five years in prison.

On appeal, Bell argues that the trial court erred in refusing to suppress his statements to law enforcement personnel without first reviewing a recorded interview in which the statements were made. We affirm the trial court's judgment, because the recorded interview was never tendered or admitted into evidence.

On November 10, 2016, law enforcement personnel were called to the Clayton General Store by its owner and operator, Khurram Chadhury. Chadhury testified that a man with a bandana covering his face entered the store, pointed a handgun at him, and demanded money. Chadhury, fearing for his life, handed over the money in the register. Chadhury watched as the man ripped out the telephone wires and credit card machine wires behind the counter, left the store, and fled on a motorcycle.

Later that same day, Bell was involved in a motorcycle accident; because the motorcycle involved in the accident matched Chadhury's descriptions of the robber's motorcycle, Bell was identified as a suspect in the robbery. Law enforcement officers then searched what they believed to be Bell's residence in Garrison, Texas. In the home, officers found a bandana, a motorcycle helmet, gloves, and clothing that matched Chadhury's description of what he saw the robber wearing. After Bell was arrested for aggravated robbery, officers found a damaged motorcycle matching Chadhury's description of the one involved in the robbery. The damaged motorcycle was registered to Bell.

Subsequent to his arrest, Bell was questioned by Chris Welk and Jeff Ivy, investigators with the Panola County Sheriff's Office, and the interview was recorded. During the suppression hearing, the officers testified that, during their questioning of Bell, he initially denied any involvement in the robbery, but ultimately admitted to robbing the Clayton General Store, albeit with a BB gun or air pistol rather than a firearm.

At trial, after the State informed the court that it was not going to offer any portion of the recorded interview into evidence, Bell moved to suppress the officers' proposed testimony that, during the interview, he admitted to committing the robbery, arguing that his statements were not voluntarily and freely given. During the suppression hearing, Welk, Ivy, and Bell all testified, and based on that testimony, the trial court denied Bell's motion. The case on guilt/innocence was tried to a Panola County jury, which found Bell guilty as charged. The trial court sentenced Bell to forty-five years in prison.

Bell appeals raising the single point of error that the trial court erred in denying his motion to suppress his statements to law enforcement without first reviewing the recorded interview in which the statements were made.

Even though the State made clear that it did not intend to submit the recorded interview into evidence, Bell argued that, before the trial court ruled on his motion to suppress the officers' testimony recounting Bell's admissions, the court should watch the recorded interview to know what Bell's statements actually were and "the context in which they were made." The court asked if there was "anything in [the recording] that show[ed] that the statement was not voluntarily given," and Bell's counsel responded, "[M]y client can testify as to that, Your Honor." Bell

3

requested that the interview be made a record exhibit "for appellate purposes," and the court reserved its ruling on the request, informing the parties that it was "going to listen to [the witnesses at] the suppression hearing to determine" whether it was necessary to watch the recording. Bell said, "Okay." After hearing the testimony of the officers and Bell, the trial court denied Bell's motion to suppress. The recorded interview was not mentioned further.

In determining whether the trial court erred, we examine the record as it existed at the time of the suppression hearing. *O'Hara v. State*, 27 S.W.3d 548, 551 (Tex. Crim. App. 2000); *Parker v. State*, 545 S.W.2d 151, 155 n.6 (Tex. Crim. App. 1977); *McAllister v. State*, 34 S.W.3d 346, 349 (Tex. App.—Texarkana 2000, pet. ref'd) (appellate court may consider only items in record). We may not speculate about the contents of exhibits that are not in the record. *Amador v. State*, 221 S.W.3d 666, 668–69 (Tex. Crim. App. 2007). Here, no portion of the interview was played for the trial court, and nobody offered the recorded interview into evidence at the suppression hearing. Moreover, the parties did not treat the interview as if it had already been admitted into evidence.[1] *See id.* at 673–74. Consequently, we have no basis from which to find that the trial court erred in failing to consider evidence that was never made a part of the record. Bell has failed to cite to any authority requiring the trial court to examine the interview under such circumstances,

---

[1]While Bell requested that the interview be admitted as a record exhibit for appellate purposes, he failed to obtain a ruling on his request or object to the trial court's failure to rule. There is no complaint on appeal that the trial court erred in failing to admit the interview as a record exhibit.

and we are aware of none.  Accordingly, we overrule this point of error and affirm the trial court's judgment.

                                        Josh R. Morriss, III
                                        Chief Justice

Date Submitted:      June 27, 2018
Date Decided:        July 18, 2018

Do Not Publish